42607. MOORE v. THE STATE.
(335 SE2d 868)

CLARKE, Justice.

Betty Sue Moore was indicted in Troup County for the murder of Frank Fulton. She was convicted by a jury and sentenced to life in prison. On appeal she enumerates one error, contending that the evidence was insufficient to support a conviction.[1] We disagree and affirm.

The body of Frank Fulton was found on the side of a road in the early morning hours on September 20, 1984. It was established that he died of gunshot wounds to the head and abdomen.

The state was able to show that Fulton was seen with appellant Moore at the residence she shared with Christine Spence on the afternoon of September 19, 1984. The investigation centered on Moore, Spence, and another friend, Patricia Howard. Spence testified that appellant told her on two occasions on the afternoon and evening of September 19 that she shot Fulton. Moore admitted that she and Patricia Howard took the body from the residence and deposited it on the roadway where it was found. Prior to her trial on the murder charge she entered a guilty plea to the charge of concealing a death.

---

[1] Fulton was murdered on September 19, 1984. Moore was indicted on February 4, 1985, and convicted and sentenced on March 1, 1985. A motion for new trial was filed on March 20, 1985. The transcript was certified by the court reporter on May 27, 1985, and was filed on May 27, 1985. On June 27, 1985, the court denied the motion for new trial and a notice of appeal was filed July 8, 1985. The case was docketed in this court on August 13, 1985 and submitted for decision on September 27, 1985.

In a statement to the police Moore indicated that Ms. Howard was the one who had killed Fulton. At trial, she took the stand and testified that Ms. Spence had killed Fulton.

Ms. Spence was at work on September 19 and left when she received a phone call from the appellant that someone had been shot. There was evidence that the appellant, who went to a friend's house to make the phone call, was upset at the time. Taking account of all the circumstances surrounding the afternoon when Fulton died and the testimony of Ms. Spence that the appellant twice made statements admitting she shot him, we find the evidence is sufficient. On appeal, a conviction will be affirmed on the evidence if this court determines that any rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Reviewing the record the evidence at trial meets the *Jackson v. Virginia* test.

Appellant makes her arguments based upon the credibility of the state's witnesses, in particular the credibility of Ms. Spence. Credibility of witnesses is not a question for the appellate court but is a question for the jury under proper instruction from the court. OCGA § 24-9-80; *Thomas v. State*, 245 Ga. 688 (266 SE2d 499) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5 1985.

*Gordy & Key, Timothy S. Minors,* for appellant.
*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General,* for appellee.