## 42313. YOUNG v. THE STATE.
(335 SE2d 864)

BELL, Justice.

Appellant Anthony Young was convicted of the malice murders of Ollie Mae Edridge and Ozella Shellhouse, and was sentenced to serve two concurrent life sentences. He appeals, and we affirm.[1]

---

[1] The offenses were committed on October 30, 1983. Appellant was convicted and sentenced on September 18, 1984. A motion for new trial was filed on October 12, 1984. In his brief to this court, appellant's counsel states that appellant filed this motion pro se, without the knowledge of counsel.

On October 18, 1984, before appellant's motion for new trial was ruled on, appellant's counsel filed a notice of appeal. The court reporter certified the transcript on November 23, 1984, and the appeal was docketed in this court on December 17.

Counsel for appellant states that he discovered the existence of the motion for new trial after receiving a copy of the record from the superior court clerk. Thereafter, on January 8, 1985, appellant withdrew his appeal pending determination of his motion for new trial. Said motion was denied April 12, 1985.

Appellant raises two enumerations of error, both of which concern the sufficiency of the evidence to support his convictions. His arguments, as we understand them, are as follow:

The state relied on statements appellant made to various witnesses after the murders, as well as certain eyewitness observations by one Ronald Scott. Appellant contends that certain portions of Scott's testimony contradicted testimony by other witnesses for the state as to appellant's actions after the killings. He argues that the contradictions showed that Scott's testimony lacked credibility, and therefore his testimony should have been disregarded by the trier of fact. At that point, appellant contends, his own statements would have been the only direct evidence linking appellant to the crimes.

Relying on *McVeigh v. State*, 205 Ga. 326 (1) (53 SE2d 462) (1949), appellant asserts that the state did not meet the requirement that the corpus delicti be proven independently of the statements of the accused.

He further contends that the state has not sufficiently proven his guilt, and that the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), therefore has not been met.

1. We disagree with appellant's arguments. To begin, we reject his contention that the impeachment of Scott's testimony (assuming *arguendo* that the other witnesses indeed did contradict Scott) sounded a death knell for the probative value of Scott's observations. "The question of credibility of witnesses is for the jury." *Gilreath v. State*, 247 Ga. 814, 834 (14) (279 SE2d 650) (1981).

2. Moreover, even if Scott's testimony is wholly disregarded, there was ample evidence to establish that the victims died from criminal agency. *McVeigh*, supra, 205 Ga.; *Cunningham v. State*, 248 Ga. 835 (3) (286 SE2d 427) (1982).

3. Finally, after reviewing all the evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact could have found Young guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1985.

*James E. Friese*, for appellant.
*Charles M. Ferguson*, District Attorney, *Michael J. Bowers*, At-

---

On April 19, 1985 appellant filed a second notice of appeal, and on April 25, 1985 the case was again docketed in this court. The appeal was submitted for decision without oral arguments on June 7, 1985.