## 72249. HARPER v. THE STATE.
(348 SE2d 318)

BANKE, Chief Judge.

James Shivers Harper appeals his conviction of burglary.

The evidence established that entry to the burglarized building — a beauty supply warehouse — had been gained by cutting a heavy screen and breaking out a window. Two days after the burglary, the police, acting in pursuit of a lead, stopped and questioned appellant. He was carrying a brown shoulder bag, which he gave the police permission to search. It was found to contain beauty supply products. Although appellant claimed that the bag was not his, he advised the police that he had additional beauty supplies at home and invited them to search his residence. Appellant directed the police to a particular room in his home where they found several cases of beauty supply equipment. Appellant claimed to have bought these goods but had no receipt for their purchase. The beauty supplies in appellant's possession were identified as matching the goods that had been taken from the warehouse. *Held*:

1. Appellant enumerates as error the introduction of evidence of other, similar criminal offenses committed by him. Over objection, the state was permitted to introduce documentary evidence and testimony concerning two prior burglaries of which the appellant had been convicted, both of which had occurred some three years earlier.

"[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

In the present case, the identification of appellant as the perpetrator of the two prior burglaries was clearly established and is uncontested. The issue before us is thus limited to whether the prior acts were sufficiently similar to the crime charged here. In each of the three instances, the burglary involved a commercial building and was accomplished by breaking out a window. While the three incidents were certainly not identical, we find that they were "sufficiently simi-

lar" so that proof of one tended to suggest appellant's involvement in the others. See, e.g., *Millwood v. State*, 164 Ga. App. 699, 701 (296 SE2d 239) (1982); *Johnson*, supra at 655. Additionally, we note that the trial court properly instructed the jury that they were to consider the prior offenses only to "illustrate the defendant's state of mind" with regard to the offense for which he was on trial. We consequently hold that the trial court did not err in admitting evidence of the two prior burglary convictions.

2. Appellant further contends that the trial court incorrectly charged the jury on the doctrine of recent possession of stolen property. The record reflects that after the jury retired for deliberations, the court asked appellant's attorney if he had any exceptions to the charge. He responded that he did not. Applying the Georgia Supreme Court's holding in *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980), we conclude that the appellant's right to raise this issue on appeal was thereby waived. See also *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979); *Hill v. State*, 246 Ga. 402 (271 SE2d 802) (1980). "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White*, of reserving the right to object on motion for new trial or on appeal." *Jackson*, supra at 460.

3. Appellant complains that the trial court erroneously allowed a document containing a list of recovered stolen property to go out with the jury during their deliberations. However, as no such objection was raised at trial, the issue cannot be considered on appeal. See *Brown v. State*, 226 Ga. 114, 116 (172 SE2d 666) (1970).

4. Finally, we have reviewed appellant's claim of prosecutorial misconduct and find that it is without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1986 —
REHEARING DENIED JULY 29, 1986.

*A. Stephenson Wallace*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.