## 72374. TURNER v. THE STATE.
### (348 SE2d 572)

CARLEY, Judge.

Appellant was indicted for armed robbery and was tried before a jury. In its charge to the jury, the trial court gave instructions regarding the crime of armed robbery and, at appellant's request, on the crime of theft by deception as a lesser included offense. After completion of the charge, the trial court inquired if there were objections. Although it had not requested such an instruction, the State objected to the failure of the trial court, on its own motion, to charge on robbery by intimidation as a lesser included offense. See *State v. Stonaker*, 236 Ga. 1, 2 (2) .(222 SE2d 354) (1976). The trial court agreed to charge the jury on robbery by intimidation. Appellant then requested but was denied the opportunity for re-argument. The jury was given the additional charge and, after deliberations, returned a guilty verdict as to robbery by intimidation. Appellant appeals the judgment of conviction and sentence entered on the guilty verdict.

1. Citing *Daniels v. State*, 137 Ga. App. 371, 373 (4) (224 SE2d 60) (1976), appellant asserts that he was erroneously denied the opportunity for re-argument in light of the trial court's decision to charge the jury as to robbery by intimidation. In *Daniels*, supra at 374, counsel was "misled" when "[t]he trial judge initially refused a requested instruction, but after closing arguments he determined that a portion of the request should be included in the charge." However, unlike either *Daniels*, supra, or *Evans v. State*, 146 Ga. App. 480 (246 SE2d 482) (1978), there is no issue of appellant's being misled by the trial court's vacillating decision on a *request* to charge. The charge on robbery by intimidation was given as the result of the State's *objection* to the trial court's failure to give a charge sua sponte, not as the result of the trial court's subsequent decision to give a request that had earlier been refused. "The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation." *State v. Stonaker*, supra at 2 (2). "We find no direct statement by the trial court prior to counsel's argument to the jury indicating the trial court's decision as to whether or not he intended to charge on [robbery by intimidation]. If counsel has been told nothing he could not have been misled." *Snipes v. Leaseway of Ga.*, 150 Ga. App. 135, 136 (2) (257 SE2d 40) (1979). If the original charge had included the trial court's unrequested instruction on robbery by intimidation, appellant would have no right under OCGA § 5-5-24 (b) to re-argue before the jury. There appears to be no reason why appellant should gain this right simply because the instruction came in the additional charge rather than during the original charge.

2. The evidence authorized the giving of a charge on robbery by intimidation. *Kelly v. State*, 241 Ga. 190, 191 (2) (243 SE2d 857)

(1978).

3. Appellant further enumerates as error the language actually employed in the charge on robbery by intimidation. The charge referred to the victim's "fear or apprehension of danger to his life or limb. . . ." The applicable statute refers to a victim's "fear of immediate serious bodily injury. . . ." OCGA § 16-8-40 (a) (2). Notwithstanding the slight deviation from the language of the Code, the charge as given was not an erroneous statement of the law of robbery by intimidation. See generally *Johnson v. State*, 1 Ga. App. 729 (57 SE 1056) (1907). "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.]" *Clark v. State*, 153 Ga. App. 829, 831 (266 SE2d 577) (1980). Considering the charge on robbery by intimidation as a whole, there was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Daniel J. Sammons*, for appellant.
*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.