73403. STEELE v. THE STATE.
(353 SE2d 612)

POPE, Judge.

Roy William Steele was indicted for possession of marijuana with

intent to distribute same, possession of methamphetamine, and possession of cocaine. This appeal follows his conviction of the lesser included offense of possession of more than one ounce of marijuana and acquittal of all other charges. *Held*:

1. Defendant's first enumeration cites as error the following comment by the State during closing argument: "Of course, he [Defendant] doesn't want to get up on the stand and say, 'Well, a little of these drugs were mine.' What he wants to admit to is that the misdemeanor — the probationary amount of marijuana was his because he figures, 'I'll get something. . . .' " Defendant moved for a mistrial on the ground that the reference to probation was improper, prejudicial and inflammatory. The trial court denied the motion but instructed the jury to disregard the offending remark, explaining: "I don't know of any offense in the criminal law that is a probationary offense. There is no such thing. When it comes to sentencing . . . if the jury finds beyond a reasonable doubt that the Defendant had committed some crime, then the jury's responsibility ends there. . . . Then, it becomes the sole responsibility of the Court to determine what the sentence is, and you disregard entirely any comment that [the District Attorney] may have made about what kind of offense the Defendant may have admitted to, because he has admitted to no probationary offense because there is no probationary offense, and I instruct [the District Attorney] to refrain from any similar comments in the future." Defendant renewed his objection following these instructions.

Defendant contends that the district attorney's argument was violative of OCGA § 17-8-76, which prohibits counsel from arguing in the presence of the jury that the defendant may be given clemency by the executive branch of our government. See *Cash v. State*, 231 Ga. 285 (5) (201 SE2d 625) (1973); *Cain v. State*, 113 Ga. App. 477 (5) (148 SE2d 508) (1966). See generally *Gilreath v. State*, 247 Ga. 814 (15) (279 SE2d 650) (1981), cert. den., 456 U. S. 984, reh. den., 458 U. S. 1116 (1982). Although probation is a judicial, rather than an executive function, it is not a matter for the jury, and the trial court properly instructed the jury to disregard the offending remarks and directed the district attorney not to comment further in this regard. See *Cave v. State*, 171 Ga. App. 22 (1) (318 SE2d 689) (1984). Under these circumstances, we cannot say as a matter of law that defendant was harmed in any way by the trial court's handling of this matter. See *Berrian v. State*, 139 Ga. App. 571 (1) (228 SE2d 737) (1976); *Fraley v. State*, 120 Ga. App. 427 (3) (170 SE2d 729) (1969). See also *Smith v. State*, 146 Ga. App. 428 (246 SE2d 442) (1978). This enumeration of error thus provides no basis for reversal.

2. Defendant's second enumeration of error challenges the trial court's charge on good character. The subject instruction is identical

to the one found defective in *Millwood v. State*, 174 Ga. App. 113 (1) (329 SE2d 273) (1985). Evidence of defendant's good character formed the essence of his defense in the case at bar, to wit: that his former wife (in order to obtain custody of their minor children) "planted" the illegal drugs in his home and that he had no knowledge of said drugs and, thus, no intent to possess same. Compare *Loumakis v. State*, 179 Ga. App. 294 (6) (346 SE2d 373) (1986), wherein the charge in issue was found to be harmless because "the character evidence was not introduced as a complete defense to the crimes charged, but was only introduced to rebut the presumption of sanity and persuade the jury that the defendant was insane [and, thus,] did not adversely affect the jury's deliberations when deciding the pivotal issue before them as to whether the defendant had the mental capacity to form the intent to commit the crimes charged at the time of the incident." Id. at 298-99. For the reasons set forth in *Millwood*, supra, defendant is entitled to a new trial.

3. We have reviewed defendant's remaining enumerations of error and find them to be without merit.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1987.

*Billy L. Spruell*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.