### 74089. JOHNSON v. THE STATE.
(354 SE2d 858)

DEEN, Presiding Judge.

Appellant Johnson was indicted on a charge of aggravated battery and convicted of the lesser included offense of simple battery in connection with the beating of his wife, subsequently deceased. He appeals from this judgment, alleging that the trial court erred in failing to grant a directed verdict of acquittal and that the evidence was insufficient to sustain a guilty verdict on the lesser included offense. *Held*:

Appellant, a six-foot, one-hundred-ninety-pound man, had a reputation — with family, friends, and local police alike — for regularly engaging in physical combat with his five-foot, one-hundred-pound wife, who also was reputed to be a practitioner of defensive (and sometimes offensive) tactics. There was conflicting testimony regarding who had initiated the exchange of blows in any one of the pugilistic bouts, including the one which led to the proceedings below; that is, the final combat in which the deceased was apparently blinded by blows to the head and subsequently fell to her death from a seventh-floor window of the Savannah hospital where she was taken for treatment of her injuries. Determination regarding the battered-wife/battered-husband syndrome, if an issue in the case, was reserved for the jury.

Examination of the entire record, including the trial transcript, indicates that there was more than sufficient competent evidence not only to authorize the trial court to decline to grant a directed verdict of acquittal, but also to authorize the jury to find Johnson guilty beyond a reasonable doubt of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The allegedly "hearsay" testimony of the victim's sisters as to what she said while hospitalized would more properly be characterized as *res gestae*, inasmuch as her semi-comatose condition would preclude the possibility of engaging in conscious thought proceeding from free will. The weight of the evidence and the credibility of witnesses are jury questions. *Wiley v. State*, 178 Ga. App. 136 (342 SE2d 342) (1986). Neither of appellant's enumerations of error is meritorious.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1987 —
REHEARING DENIED MARCH 13, 1987 —

*Randall M. Clark*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Robert L. Crowe*, Assistant District Attorney, for appellee.