## 44102. BROWN et al. v. THOMAS et al.
(354 SE2d 830)

CLARKE, Presiding Justice.

This is an appeal from an order finding Gladys Brown and Alonza Brown in criminal contempt of court and sentencing them to five days in jail. We affirm.

The Browns are defendants in a class action suit brought on behalf of individuals from whom the Browns purchased real estate and then leased the property back to the former owners. The merits of the case are not involved in this appeal.

In February 1986, the trial court held a hearing concerning the solicitation of affidavits from potential class members by the Browns and their attorney. The judge ordered from the bench that the parties and their attorneys were enjoined from making contact with potential class members except as necessary by the Browns in the normal course of business. The court specifically stated that they were being instructed not to obtain any more of the affidavits and further stated that any violation would result in a term in jail.

This order was not reduced to writing by the court but the transcription is before this court on appeal. On May 2 the court entered a written order disqualifying counsel for the defense from further participation in the case based upon the procurement of the affidavits and the methods by which they were obtained.

On July 1, 1986, the plaintiffs filed a motion for contempt alleging that Gladys and Alonza Brown had intentionally violated the court's order of February 19 by attempting to secure the signature of Dorothy Houston on an affidavit which was substantially the same as the earlier affidavits. A hearing was held on July 17, 1986, at which all sides presented testimony. The court found that the Browns were in contempt of court applying the beyond a reasonable doubt standard.

On appeal the Browns complain that the February 19 order uses the phrase "potential class members" without defining the class and is therefore too vague to be enforced because it does not give fair notice of the prohibited conduct. They also contend the evidence does not support a finding of contempt beyond a reasonable doubt.

1. At the hearing on the contempt citation neither of the Browns contended or testified that they did not understand the order of the court. Both of them testified that they were aware of the court's order. Their defense to the allegations was that they were out of town on the day Mrs. Houston testified she came to their office and was presented with the affidavit. Errors not raised at trial will not be considered and ruled on by this court on appeal. *Hardeman v. State*, 252 Ga. 286 (313 SE2d 95) (1984).

2. The record shows that the form affidavit was prepared on behalf of the Browns and that it is a form affidavit like the ones used prior to the February 19 order and discussed in the May 2 order. The Browns contended that they did not present Mrs. Houston with the affidavit at any time after the February order and presented alibi evidence for the day Mrs. Houston said the Browns gave her the affidavit. The plaintiff presented evidence that the Browns did in fact attempt to compel Mrs. Houston to sign the document. Credibility of witnesses is necessarily a question for the trier of fact, in this case the trial court. See *Young v. State*, 255 Ga. 143 (335 SE2d 864) (1985); *Simmons v. State*, 111 Ga. App. 553 (142 SE2d 308) (1965). The trial court applied the correct standard and on appeal we find a rational trier of fact could find contempt beyond a reasonable doubt. *In re Irvin*, 254 Ga. 251 (328 SE2d 215) (1985).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only.*

DECIDED APRIL 15, 1987 —
RECONSIDERATION DENIED MAY 6, 1987.

*McKenney & Froelich, William J. McKenney, David M. Kupsky*, for appellants.
*Sakas & Horne, Jeffrey L. Sakas*, for appellees.