## 75658. BOOTH v. THE STATE.
### (367 SE2d 77)

Birdsong, Chief Judge.

Appellant, C. D. Booth, was convicted of two charges of incest and one charge of child molestation of his daughter, V. L. B., and of one charge of child molestation of his daughter, T. B. Appellant asserts two enumerated errors. *Held:*

1. Our review of the trial transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's first enumerated error is that the trial court erred in its charge on good character. The court charged the jury "that regardless of whether or not the Defendant has any other defenses, and regardless of whether or not there is any other evidence in the record upon which a reasonable doubt as to his guilt could be based, proof of good character may of itself constitute such a defense in his behalf, and you, the jury, overriding any amount of positive evidence pointing to the guilt of the Defendant may, if you see fit, acquit the Defendant upon a reasonable doubt *and* proof of good character generated in your mind. . . ." (Emphasis supplied.) This same charge has been held to constitute prejudicial error mandating reversal because it negates the rule that good character *of itself* may engender a reasonable doubt. *Millwood v. State,* 174 Ga. App. 113 (329 SE2d 273); see *Steele v. State,* 181 Ga. App. 695 (2) (353 SE2d 612). Our court in both *Millwood* and *Steele* declined to find harmless error. In *Millwood,* the defendant was convicted of child molestation after having "relied heavily upon proof of his good character as testified to by several witnesses." *Millwood,* supra at 113. In *Steele,* the defendant was convicted of a lesser offense of marijuana possession, and "[e]vidence of defendant's good character formed the essence of his defense in the case." *Steele,* supra at 697.

However, in *Loumakis v. State,* 179 Ga. App. 294 (346 SE2d 373), our court found that the giving of the *Millwood*-type instruction

constituted only harmless error where character evidence was not defendant's sole defense, and defendant's "sole defense was that he was insane." This court in *Loumakis* concluded that "since the character evidence was not introduced as a complete defense to the crimes charged, but was only introduced to rebut the presumption of sanity and persuade the jury that the defendant was insane, the erroneous charge did not adversely affect the jury's deliberations." *Loumakis*, supra at 298-299. In *Cook v. State*, 256 Ga. 808, 811 (353 SE2d 333), the Supreme Court considered the *Millwood*-type character instruction, in light of its recommendation in *Keller v. State*, 245 Ga. 522 (265 SE2d 813) that the pattern charge in question be used (after certain modifications not here relevant were made thereto). The Supreme Court noted that in *Keller* it did not consider a challenge to language found to be erroneous in *Millwood*, specifically, that the pattern charge requires a finding of both reasonable doubt *and* good character rather than a finding only of reasonable doubt engendered or occasioned by good character, or caused, or raised, by proof of good character. The Supreme Court concluded that there was no conflict between *Millwood* and *Keller*, found that the *Millwood*-type instruction was erroneous, and proceeded to test the error for prejudice. *Cook*, supra at 811-812. Although the Supreme Court observed that the defendant Cook "relied heavily upon his good character as a defense," it found that "[v]iewing the charge as a whole and the evidence presented . . . it is highly probable that the error in the charge as given did not contribute to the verdict" and affirmed the judgment. Id.

Thus we find that the current state of the law is that a *Millwood*-type charge, such as was given in this case, constitutes error; however, even when the defendant has relied heavily upon his good character as a defense it is proper to test the error for prejudice using the "highly probable" test of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Cook*, supra at 811-812.

In this case the appellant's defense was grounded upon the theory that his two daughters fabricated the allegations made against him in order to live with their mother (from whom appellant was estranged), and that the defendant who was a person of good character would not have committed the crimes of incest and child molestation. Further, although the argument of counsel does not constitute evidence, defense counsel informed the jury that "[appellant] does have good character, and if you really want to know what my case is, that's it." Counsel further argued, "but let me tell you something about [appellant] and something all of these character witnesses know. He don't lie . . . he don't have to come to Court to lie, 'cause he's got a reputation. He's worked his entire life for it, and if you work your entire life for a reputation and you can't depend on it when you need

it, what good is it?" In rebuttal, the prosecution, pertinently responded to the above portion of appellant's argument as follows, "[defense counsel] stated that the character witness is his whole case. Well, ladies and gentlemen, I submit to you if that's his whole case, he's got a very weak case." Later, the prosecution, in attempting to minimize any impact that appellant's character witnesses might have had on the jury argued, "[appellant's] character evidence, I submit to you, is totally irrelevant."

Viewing the charge as a whole, the evidence presented to the jury, and the manner in which appellant's character evidence defense was emphasized in summation, we cannot find that it is highly probable that the error in the character evidence charge did not contribute to the verdict. See *Cook v. State*, supra; *Johnson v. State*, supra.

We have carefully considered the views expressed by the dissent, and adhere to our opinion that reversible error has perforce occurred. Contrary to any adverse inference that may be drawn from the tenor of the dissent, we are thoroughly aware of the nature of the charge and the posture of the evidence for *both* the prosecution and the defense. We find it unnecessary to recount the lurid details revealed by the evidence herein. Suffice it to say, appellant's sole defense, in essence, was "I did not do these acts because I am a man of proven good character." In support of this defense, the appellant gave sworn testimony that he did not commit the acts, and introduced in his behalf, in addition to the testimony of his son generally attacking his daughters' credibility, relevant evidence of his good character. The dissent would have this court supplant the jury by weighing the evidence and resolving issues of witness credibility against the defendant. Such a procedure clearly is beyond the pale of this court's judicial power. The obligation and authority to weigh the evidence and to determine witness credibility rests with the jury and not with this court. *Moore v. State*, 255 Ga. 148, 149 (335 SE2d 868) (witness credibility is not for the appellate courts but is a question for the jury under proper instruction from the court); *Young v. State*, 255 Ga. 143 (1) (335 SE2d 864) (question of witness credibility is for the jury); *Johnson v. State*, 182 Ga. App. 154, 155 (354 SE2d 858) (weight of the evidence and the credibility of witnesses are jury questions).

Appellee also asserts that the above error was waived by appellant's failure to make a timely objection to the charge actually given by the judge at trial. The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. OCGA § 5-5-24 (a). The right to raise an erroneous charge on appeal may be lost only in certain specific instances. *Lumpkin v. State*, 249 Ga. 834 (1) (295 SE2d 86). None of these recognized exceptions is present in this case. In particular, we note that the trial judge did not inquire of appellant's counsel whether there

were any objections to the charges as given. See generally *Lumpkin*, supra; *Harper v. State*, 180 Ga. App. 20 (2) (348 SE2d 318); *Gaines v. State*, 177 Ga. App. 795 (1) (341 SE2d 252). Accordingly, we conclude that appellant did not waive his objection to the good character charge given by the trial court.

3. Appellant's second enumerated error is that the trial court erred in denying defendant funds for medical assistance, and for funds to bring an important defense witness from out of state (to testify as to whether one of the victims had reported to the witness that the appellant had been sexually abusing the victim and her sister).

As the court offered at trial to authorize normal witness fees for the out-of-state witness (see generally OCGA § 24-10-24), and in view of our disposition of this case, pursuant to the prejudicial error discussed in Division 1 above, we believe that in the event of any rehearing, this issue will be satisfactorily resolved at the trial level. Likewise, we find no need currently to resolve the issue of state-provided medical treatment. See in this respect *Ake v. Oklahoma*, 470 U. S. 68 (105 SC 1087, 84 LE2d 53).

*Judgment reversed. Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

While concurring fully with Division 1 of the majority opinion, I cannot agree with the judgment of reversal in Division 2 and the nonresolution of the issues discussed in Division 3.

1. The trial court did give an erroneous jury charge on good character. However, in *Cook v. State*, 256 Ga. 808, 811-812 (353 SE2d 333) (1987), the Supreme Court held that even though the same erroneous jury charge on good character had been given, reversal was inappropriate where "[v]iewing the charge as a whole and the evidence presented to the jury, . . . it is highly probable that the error in the charge as given did not contribute to the verdict." In order to apply this "highly probable" test, this court must examine the evidence and set forth the facts of the case, as is done in most other written opinions, even though that evidence is particularly lurid.

The evidence in this case, which the majority opinion declines to discuss, showed that on the evening of April 12, 1985, Booth went into the bedroom of his twelve-year-old daughter, pulled down her shorts, unbuttoned and pulled down his overalls, and then had sexual intercourse with her. Two days later, Booth again went into his daughter's bedroom, locked the door, pulled his and her pants down, and had sexual intercourse. Booth's other daughter, who was eleven years old, heard her sister screaming, tried unsuccessfully to get into the bedroom, and finally climbed a ladder, looked into the bedroom

window and saw her father having intercourse with her sister. Three days after that, on April 17, 1985, Booth found both daughters in the bathroom preparing to go to school, and he pulled up both girls' blouses and bras and placed his mouth on their breasts. The above evidence, given by the victimized children, was corroborated by the physical and pelvic examinations performed by a physician later that day, after one of the children reported the molestation to her school teacher. As in some cases a "battered-wife/battered-husband syndrome" may be demonstrated, *Johnson v. State*, 182 Ga. App. 154 (354 SE2d 858) (1987), the instant case points out a "battered-child syndrome" of mental and physical abuse, as well as incest and child molestation.

I have no hesitation whatsoever in concluding that the evidence of guilt in the instant case was so overwhelming that the erroneous jury charge could not possibly have contributed to the verdict. This application of the "highly probable" test does not invade the jury's functions of weighing the evidence and determining the credibility of witnesses. The whole point of the "highly probable" analysis, in fact, is that the error under consideration did not affect the jury in its performance of those functions. The majority opinion is wrong in reversing Booth's conviction and I dissent.

2. Concerning the trial court's denial of Booth's motions to have the State pay for a medical examination of Booth for venereal disease and for an airline ticket for an out-of-state witness, all that needs to be said is that the trial court did not abuse its discretion in denying the motions. *Baxter v. State*, 254 Ga. 538 (2) (331 SE2d 561) (1985).

I am authorized to state that Presiding Judge McMurray joins in this opinion. Judge Beasley joins in this opinion except for concurring in the judgment only as to Division 2.

### ON MOTION FOR REHEARING.

In arriving at the above decision, the majority carefully applied the high probability test of *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). But to ensure that the language of our opinion is not taken out of context and misconstrued, we again emphasize that this court has examined the entire trial record. Compare, e.g., *Johnson*, supra at 61-62 with *Thomas v. State*, 173 Ga. App. 810 (2) (328 SE2d 422) and *Jones v. City of Atlanta*, 257 Ga. 727, 739 (363 SE2d 254). Merely because we, the majority, elected not to repeat the facts of this case in our published opinion, but left this task to our esteemed colleagues in dissent, does not mean that we have failed to carefully apply the relevant *existing* law to the *existing* facts of this case. To ensure that this issue is resolved forthwith, however, we *again* apply the "high probability" test, in strict accordance with *Johnson*, and we adhere to

the case disposition reached in our original opinion.

*Motion for rehearing denied. Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting on rehearing.

"[W]e will not hold them in error if justice is shown to have been done and nothing more is relied on to defeat it. Justice in the rough is no less justice than justice de luxe, no more than the diamond is less a diamond because of the matrix from which it is recovered." *Matteson v. City of Eustis*, 190 S 558, 559 (Fla. 1939). "Whether justice is administered a la mode or carte blanche is not so material, but it is material that it be administered *promptly and effectively*." (Emphasis supplied.) *Ponce v. Demos*, 31 S2d 58, 59 (Fla. 1947).

It is highly probable that justice was administered in this case at the trial level; therefore, we should affirm.

DECIDED FEBRUARY 23, 1988 —
REHEARING DENIED MARCH 14, 1988 —

*Jerry C. Gray*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.