A91A2168. McLELLAND v. THE STATE.
(416 SE2d 340)

ANDREWS, Judge.

Defendant was convicted of one count of child molestation between February 1, 1989 and March 31, 1989. He appeals, citing 18 enumerations of error.

Viewed in favor of the verdict, the evidence showed that the eight-year-old girl was staying overnight with Betty, defendant's mother. Defendant and his wife were also living there. The child was sleeping on the sofa while defendant was watching television. She described two incidents of defendant placing his "privacy" in hers during that evening. She was seen by a doctor on April 4, suffering from a urinary tract infection and strep throat. Because her condition worsened, she was hospitalized and, upon further examination, found to have suffered a tear between her anus and vagina. The doctor opined that the injury occurred within a week of his seeing her and that the insertion of an adult male penis could have caused such a tear. The child was questioned concerning molestation during her hospitalization and said a big man with a mustache did it and on a separate occasion that a Mexican did it. At trial, she said she was referring to defendant when she mentioned the man with the mustache and that a

Mexican had messed with her on a separate occasion. She also said that she had fallen on a boy's bicycle and hurt herself. Her mother reported that she had found the child locked in a house with a 13-year-old boy on April 3, although the child denied it. In September 1989, defendant and the child's mother were involved in a dispute which resulted in defendant's incarceration on a charge of obstructing an officer. After being told defendant was locked up, the child told her mother that defendant had molested her. She said he had threatened her about telling. Defendant testified that he had no recollection of the incident, but denied wrongdoing.

1. Defendant's first enumeration, alleging error in the court's denial of his motion for independent psychological examination of the victim, is controlled adversely to him by *Gorski v. State*, 201 Ga. App. 122, 123 (2) (410 SE2d 338) (1991).

2. On the morning of trial, defendant filed a motion to declare OCGA § 24-3-16 unconstitutional as violative of the federal Sixth Amendment. The statute has previously been upheld in the face of such a challenge. *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987); see *White v. Illinois*, ___ U. S. ___ (112 SC 736, 116 LE2d 848) (1992). Further, here the State called the child as a witness and she was fully cross-examined. There was no error. *Eberhardt v. State*, 257 Ga. 420 (1) (359 SE2d 908) (1987).

3. During voir dire, defendant made a motion to disqualify for cause a juror who was the daughter of a DFCS worker involved in the case. The motion was based on defendant's contention that the worker had previously been identified as the prosecutrix in the case under OCGA § 15-12-163 (a) (4). This was incorrect and thus presents no basis for review. As noted by defendant after denial of his motion, the worker was seated at the table with the prosecutor during jury selection, but did not testify or otherwise participate in the trial. This was not cause for disqualification. *Davis v. State*, 194 Ga. App. 482, 485 (3) (391 SE2d 124) (1990). In addition, the record does not indicate that the juror was seated on the panel.

4. The ruling alleged as error in the fourth enumeration was later modified to allow evidence of allegedly false accusations by the victim and therefore presents nothing for review. Similarly, there was no blanket ruling by the trial court that no false accusation evidence would be admitted, only the statement by the court that it would rule as evidence was tendered. Defendant later stated that he was seeking only to introduce inconsistent statements by the victim as to the perpetrator of the charged crime, not any other incidents. This was allowed and no error appears.

5. The objection voiced in enumeration 6 was not made below and will not be considered here for the first time. *Cooper v. State*, 188 Ga. App. 297 (3) (372 SE2d 679) (1988).

6. Enumerations 7 and 8 deal with the testimony of Ms. Winn, a mental health counselor who saw the victim both before and after these events. She testified concerning differences in behavior of the victim before and after her hospitalization. On cross-examination, defendant posited several explanations for this change in behavior, including sibling rivalry. On re-direct, the State asked Ms. Winn if she would attribute this change to sibling rivalry to which she responded negatively. Defendant's first objection to this re-direct was "I . . . object . . . and ask that that answer be stricken from the record." No basis was given for that objection and it presented nothing for the court to address. See *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

Thereafter a motion was made to strike the answer because Ms. Winn had not been qualified as an expert. Pretermitting the fact that defendant had originally opened the door to this area of inquiry, the court correctly ruled that the status of the witness as lay or expert would go, not to admissibility, but to credibility. OCGA §§ 24-9-65; 24-9-67; *O'Kelley v. State*, 175 Ga. App. 503, 507 (3) (333 SE2d 838) (1985).

7. Defendant's ninth and tenth enumerations allege error in the court's disallowance of the testimony of the custodian of the medical records relating to the child's hospitalization and the court's refusal to include the medical records in the record for appellate review.

After the custodian testified that neither the prosecutor nor defense counsel had previously seen any of the records, the court excused the jury and inquired what it was that defendant wished to show by the records. Counsel acknowledged never having seen the records before, but expressed his belief that they contained a statement by the victim's mother to an unidentified hospital employee indicating that someone else had molested the child. This statement, the only evidence which defendant sought from the records, was inadmissible hearsay. In this context, inclusion of the entire hospital record was unnecessary and there was no error.

8. The eleventh enumeration objects to the court's allowing a defense witness to answer on cross-examination the following question: "Did [defendant's mother] ever tell you anything, one way or the other, about where she was living during this time period, which would have been between the months of February and April of last year?" The question, phrased to address the occurrence of a conversation, not its content, was not subject to the hearsay objection made below and argued here. When the substance of the conversation was gone into, defendant made no further objection and there is nothing in this regard for our review.

9. Defendant presented evidence, much of which was directed toward proving that defendant's mother was not staying in the house

during the time in question. In rebuttal, the State recalled the case investigator and asked if she had discussed with the mother her whereabouts.[1] Defendant objected to her testimony on the ground it was not proper rebuttal. It is within the court's discretion to allow rebuttal evidence. *Turner v. State*, 258 Ga. 97, 101 (5) (365 SE2d 822) (1988); *Horne v. State*, 192 Ga. App. 528, 529 (3) (385 SE2d 704) (1989). Additional evidence may be offered by the State even if not strictly in rebuttal of presented defense evidence. Id. There was no error.

10. After the jury began deliberations, they requested copies of the testimony of certain witnesses, which the court refused without objection by the defendant. No objection having been voiced below, the thirteenth enumeration presents nothing for review. As acknowledged by defendant, such a request is within the discretion of the court. *Morris v. State*, 254 Ga. 273, 274 (2) (328 SE2d 547) (1985).

11. Enumerations 14 and 15 deal with the court's giving of the *Allen* charge (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896))[2] and failure to grant defendant's motion for mistrial based on his claim the jury was deadlocked. After the jury had deliberated for several hours, the court inquired as to the count of any vote. The count was reported to the court but is not reflected in the record. The court later asked if the jury was making progress and was advised it was not. At that point, the court did give the charge which was objected to as burden shifting. The charge given was not error. *Renner v. State*, 260 Ga. 515, 519 (7) (397 SE2d 683) (1990); *Smith v. State*, 187 Ga. App. 322, 324 (6) (370 SE2d 185) (1988).

The motion for mistrial was renewed on the basis of the claimed deadlock. In addition to the fact that there is no showing that the jury was deadlocked, a motion for mistrial based on the length of a jury's deliberation is within the sound discretion of the trial court and the court is not bound by the jury's feeling that it is hopelessly deadlocked. Cf. *Romine v. State*, 256 Ga. 521, 524 (1) (350 SE2d 446) (1986).

12. Defendant's sixteenth enumeration contends that denial of his request to reargue to the jury after giving of the objected to charge was error. There was no error. See *Anderson v. State*, 247 Ga. 397, 399 (3) (276 SE2d 603) (1981); *Turner v. State*, 180 Ga. App. 141 (1) (348 SE2d 572) (1986).

13. Contending that he was denied a presentence hearing, de-

---

[1] No questions were asked regarding the content of the conversation and defendant's hearsay objection was meritless.

[2] Although referred to as the *Allen* charge, the charge actually given is that contained in Vol. II, Suggested Pattern Jury Instructions, p. 198 and repeatedly approved by this court. *Christian v. State*, 190 Ga. App. 667, 670 (3) (379 SE2d 807) (1989).

fendant asks that the case be remanded. The record, however, does not indicate that a hearing was not provided. After the jury had been polled, the court inquired if defendant or his counsel "have any reason as to why the Court should not pass sentence . . . at this time?" Counsel responded that there was no legal reason sentence should not be imposed. The court then inquired if defendant or his counsel wished to make any remarks. No request was made at that time for a continuance to produce witnesses and statements were made by counsel and defendant. The court having complied with OCGA § 17-10-2 (a), there is no need for remand under these circumstances. *Thompson v. State*, 195 Ga. App. 18, 21 (3) (392 SE2d 732) (1990); compare *Raymond v. State*, 168 Ga. App. 487, 488 (309 SE2d 669) (1983).

14. Finally, defendant contends his motion for new trial on the basis of delay in completion of the transcript should have been granted.

Trial was completed May 24, 1990 and the motion for new trial amended to include this ground on April 5, 1991. The transcript was filed on April 23, 1991. The notice of appeal was filed August 9, 1991, after the court's denial of the motion for new trial on July 11, 1991. The transcript was therefore timely filed under OCGA § 5-6-42. Defendant has not shown that he was denied due process by the 11-month period between conviction and filing. *Thayer v. State*, 189 Ga. App. 321, 326 (6) (376 SE2d 199) (1988); *Graham v. State*, 171 Ga. App. 242, 249 (7) (319 SE2d 484) (1984).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 14, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992 — 

*Beauchamp & Associates, Kermit S. Dorough, Jr.,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.