A03A0005. HUNTER v. THE STATE.
(582 SE2d 228)

BARNES, Judge.

John Frederick Hunter appeals his conviction for armed robbery. He contends the trial court erred by failing to charge on the lesser included offenses of robbery and theft by taking, by failing to hold the hearing required by OCGA § 17-10-2, and by sentencing him to serve a life sentence without parole. Hunter also contends his trial defense counsel was ineffective because he did not file a motion to suppress evidence that the victim identified Hunter at a police "show-up."

Viewed most favorably in support of the verdict, the evidence shows that, although he did not know him, one night Hunter went to the victim's home to borrow some money from him. After Hunter told him that he needed money to get his baby some milk and that he would repay him the next day, the victim loaned him $20.

The next night Hunter did return to the victim's home, but said that he could not pay him because Hunter only had a large bill and no change. When the victim attempted to get change, Hunter pulled a knife, held the knife near the side of the victim's neck, and took $200 from the victim's wallet. Hunter did not make any verbal

threats to the victim. After he took the money, Hunter ran away out the door.

About two hours later, Hunter returned to the victim's home, but when he saw the victim's son with a shotgun, he ran away and left in a little white pickup truck. Later, the pickup truck was stopped by the police, and Hunter and two companions were inside. The officer who stopped the truck found a knife similar to the one used to take the money from the victim in back of the passenger's seat. Hunter admitted that he possessed the knife, but denied using it to rob the victim. The driver of the pickup stated that he took Hunter to the victim's home on the three occasions.

Testifying in his own defense, Hunter admitted going to the victim's house and borrowing the money. He denied, however, that he used the knife to get the money from the victim. He said that the victim gave him the money because of his lies. He said he went to the victim's home the last time to apologize and say that he would pay him back the next day.

After the jury found Hunter guilty as charged, a hearing was conducted in which the court received a record of four previous convictions that had been served upon Hunter. When asked whether he had any objections to these matters, Hunter replied that he had none. The State asked that Hunter be sentenced under subsection (c) of OCGA § 17-10-7 because he had four previous felony convictions. Although Hunter initially objected because the notice of matters in aggravation did not state the section under which the State was seeking punishment, the trial court offered Hunter more time before sentencing, and he declined. Before imposing sentence, the court asked if Hunter had anything to say, but he said, "No, all I did was tell the truth, I want to apologize." The court then sentenced Hunter to life in prison without parole.

1. Hunter's contentions that the trial court erred by not charging the jury on the lesser included offenses of robbery and theft by intimidation are without merit. The record shows that Hunter did not submit a written request for a charge on robbery as a lesser included offense of armed robbery. Therefore, the trial court did not err by refusing to give such a charge. *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653) (1987). A charge on the lesser included offense of robbery was requested by the State and refused by the trial court,[1] but Hunter did not join in this request. Pretermitting the issue of whether Hunter is entitled to rely upon the State's request to charge, we find that a charge on robbery was not raised by the evidence.

One commits the offense of robbery when, with intent to commit

---

[1] The trial court, however, charged on theft by deception as a lesser included offense.

theft, he takes the property of another from the person or the immediate presence of another by force, by intimidation, by threat or coercion, by placing the victim in fear of immediate serious bodily injury to himself or to another, or by sudden snatching. OCGA § 16-8-40. One commits the offense of armed robbery, however, when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. OCGA § 16-8-41.

Here, the victim's testimony, discussed above, was sufficient to warrant a charge on armed robbery. Conversely, Hunter's testimony did not warrant a charge on robbery or theft by taking. Hunter not only denied using the knife to get the money from the victim, but he also said that the victim gave him the money because he lied to the victim. The victim's testimony confirmed that Hunter did not orally threaten him. Under these circumstances the evidence did not authorize charges on the lesser included offenses of robbery and theft by taking.

"The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the [S]tate's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense." (Citation and punctuation omitted.) *Edwards v. State,* 264 Ga. 131, 133 (442 SE2d 444) (1994). "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense." *Burley v. State,* 172 Ga. App. 34, 35 (3) (b) (321 SE2d 783) (1984). Hence, the trial court did not err by not charging on these lesser included offenses.

2. Hunter also alleges that the trial court erred by sentencing him to life without parole because the notice of intent to introduce matters in aggravation provided him[2] did not set out the subsection of OCGA § 17-10-7 under which the State intended to proceed and the previous convictions themselves were not certified. Hunter also alleged that two of the previous convictions could not be used in aggravation of his sentence as they did not show that he was represented by counsel.

We find no merit to these allegations. A supplemental record containing a stipulation of counsel under OCGA § 5-6-41 (f) that was approved by the trial court has been forwarded to this court. The

---

[2] The State's notice showed it intended to introduce previous convictions for burglary, theft by taking, forgery in the first degree, and theft by deception.

stipulation shows that the previous convictions were certified, but the court reporter inadvertently omitted the certification page from the transcript. Additionally, as noted above, Hunter waived any objections concerning the records of previous convictions themselves. *Howard v. State*, 233 Ga. App. 724, 726 (1) (a) (505 SE2d 768) (1998). Further, it is true that Hunter initially objected because the notice of matters in aggravation did not state the subsection under which the State sought to have Hunter sentenced, but the transcript also shows that when the trial court gave Hunter the opportunity to delay the sentencing, Hunter said that was not necessary. Under these circumstances, Hunter also waived any error concerning the failure to specify the specific subsection under which the State sought punishment. Also, even assuming that Hunter did not waive any issue concerning the records of his previous convictions, each of the convictions contains the signature of Hunter's defense counsel.

The trial court was not required to hold a presentence hearing because Hunter had four previous convictions, and thus a life sentence without parole was required. Under OCGA § 16-8-41 (b), imprisonment for life is the longest period of time prescribed for armed robbery, and because this was Hunter's fifth felony conviction, OCGA § 17-10-7 (c) mandated that he serve the maximum time provided and that Hunter "shall not be eligible for parole until the maximum sentence has been served." Consequently, the trial court had no discretion in the sentence which was to be imposed, and did not err by sentencing Hunter to serve a life sentence without parole. *Askew v. State*, 254 Ga. App. 137, 143-144 (11) (564 SE2d 720) (2002); *Howard v. State*, supra, 233 Ga. App. at 726 (1) (b).

3. Hunter further contends that the trial court erred by failing to hold the presentencing hearing required by OCGA § 17-10-2. Even assuming that the hearing during which the State introduced the records of Hunter's previous convictions did not meet the criteria of OCGA § 17-10-2, or that Hunter did not waive the hearing by declining the opportunity to comment when asked by the trial court, *McLelland v. State*, 203 Ga. App. 93, 97 (13) (416 SE2d 340) (1992), we nevertheless find that any error was harmless. As discussed in Division 2, our law required the trial court to sentence Hunter to serve life without parole, and the trial court had no discretion to do otherwise. "The law will not require unnecessary procedure of the trial court. . . . There is no necessity to conduct a pre-sentence hearing on the issue of punishment as the trial court possesses no discretion in such an instance." *Brown v. State*, 246 Ga. 251, 253 (6) (271 SE2d 163) (1980).

4. Hunter contends his trial defense counsel was ineffective because counsel failed to move to suppress the victim's identification

of Hunter at a police "show-up" the night of the robbery. When we determine

> whether a convicted defendant's claim that trial counsel's assistance was so defective as to require reversal of the conviction, this Court applies the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. In the instant case, we need not evaluate whether counsel's performance was deficient, because we conclude that [Hunter] has failed to establish that counsel's performance prejudicially affected his defense.

(Citations and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614-615 (458 SE2d 623) (1995). The identification of the person who came to the victim's home and took the money from him was simply not a contested issue in this case. Hunter admitted that he was that person, and the man who drove him to the victim's home confirmed Hunter's testimony. Hunter's defense was not that he did not receive the money; his defense was that he did not rob the victim. Therefore, he could not have been harmed by the failure to move to suppress his identification by the victim.

Additionally, although properly raising the issue in the trial court, Hunter did not request an evidentiary hearing on his claim of ineffectiveness of counsel. Thus, he did not present evidence showing that the decision not to move to suppress this evidence was not a matter of trial strategy. "In the absence of testimony to the contrary, counsel's actions are presumed strategic. [Cit.]" *Earnest v. State*, 262 Ga. 494, 496-497 (5) (422 SE2d 188) (1992). Therefore, this enumeration of error also is without merit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 15, 2003.

*Cook & Connelly, Rex B. Abernathy*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.