S01A0604. JOHNS v. THE STATE.
(549 SE2d 68)

THOMPSON, Justice.

Jesse Wayne Johns was convicted of malice murder in connection with the death of Dr. Leela Sharma.[1] He appeals, assigning error to the trial court's refusal to suppress incriminating statements, and its denial of two motions for mistrial. We find no error and affirm.

Viewing the evidence in a light to uphold the jury's verdict, we find the following: Dr. Sharma was walking from a convenience store

---

[8] See OCGA § 17-7-150 (b).

[1] Johns killed Dr. Sharma on September 6, 1992. Johns was indicted on November 13, 1992, and charged with malice murder, two counts of felony murder (one predicated on the underlying felony of armed robbery, the other on aggravated assault), and armed robbery. The State sought the death penalty and trial commenced on September 26, 1994. The jury found Johns guilty on all counts and, although it found statutory aggravating circumstances, it fixed Johns' sentence at life in prison. The trial court sentenced Johns to life on October 1, 1994. Johns filed a notice of appeal on October 25, 1994. The case was docketed in this Court on January 11, 2001, and submitted for decision on briefs on March 5, 2001.

to her apartment when her throat was slashed and she bled to death. Lying in the grass at the site of the attack, police officers found traffic tickets which had been issued to defendant. Although the grass was wet, the tickets were dry.

The police asked defendant and his girlfriend, Tammy Beach, to accompany them to the police station. As defendant and Beach waited to be interviewed, defendant asked Beach to get a "speaker" out of his apartment. As defendant was being interviewed, Beach left the station, went to defendant's apartment and looked in vain for a "speaker." What she found, in a laundry room closet, was a woman's pocketbook with Dr. Sharma's identification.

Beach returned to the police station where she too was interviewed. She said nothing to the police about the pocketbook.

Following the interviews, defendant and Beach left the station. When Beach confronted defendant about the pocketbook, he told her it had been given to him by Dennis Watson, a friend of whom Beach did not approve. Later, as the couple drove over a bridge, defendant threw the pocketbook into the water and exclaimed: "That takes care of that."

Three days after Dr. Sharma's murder, the police surrounded the home of Beach's parents. They found defendant inside and he was arrested without a struggle. As he was being led to a police car, and prior to being given *Miranda* warnings, defendant said, "I'm sorry. I'm so sorry I done it. I'm sorry." Thereafter, defendant was given *Miranda* warnings, and while he was being booked, a police officer informed him of the charges against him. Defendant replied: "Shouldn't have kept the purse. Should have got rid of it."

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant asserts the trial court erred in refusing to suppress the incriminating statements he made at the time he was arrested and booked. We disagree. Defendant's statements were spontaneous and voluntary. They were not made in response to custodial interrogation or its functional equivalent. *Ramsey v. State*, 272 Ga. 28 (2) (526 SE2d 842) (2000); *Metts v. State*, 270 Ga. 481 (3) (511 SE2d 508) (1999).

3. During direct examination, Beach implied that, although her grand jury testimony was incorrect, the district attorney "wanted me to testify to what I said in the grand jury hearing." At that point, the district attorney interrupted Beach's testimony to exclaim that "[he] never told [Beach] to do anything but tell the truth." Defendant objected and moved for a mistrial, arguing that the district attorney had become a witness in the case and that, therefore, he should be subject to cross-examination. The trial court sustained the objection

and gave a curative instruction. Defendant renewed the motion for mistrial. Defendant contends the trial court erred in denying the mistrial motion.

In its curative instruction, the trial court admonished the jury that the district attorney's statement was improper; that it should be disregarded; and that it should play no part in the jury's consideration of the case. In light of that instruction, it cannot be said the trial court abused its discretion in denying defendant's motion for mistrial. *James v. State*, 270 Ga. 675, 677 (513 SE2d 207) (1999) (denial of motion for mistrial will not be disturbed on appeal in absence of abuse of discretion). We must presume that the jury followed the trial court's instruction and disregarded the district attorney's statement. *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996).

4. The State presented evidence that, shortly before the murder, defendant followed Deborah McCarroll and her son as they shopped. The trial court ruled that that evidence would be admitted for identification purposes, and was not to be viewed as a similar transaction. Later, in closing argument, the district attorney said:

> I believe it was somewhere around 6 o'clock at the Wal-Mart, and he was following her around the Wal-Mart every time she looked up. I believe I counted where she said she saw him six or seven times in the Wal-Mart or Ingle's or outside of Ingle's. She had her pocketbook. She had her little boy.

Defendant objected to the district attorney's statement and moved for a mistrial, asserting the district attorney was arguing that defendant committed a similar crime — stalking. After argument, the trial court made it clear that the district attorney's argument would be limited to matters of "identity" and "time." It then denied the motion for mistrial, reasoning that the district attorney did not intimate that defendant committed a similar crime by "following" McCarroll.

We find no abuse of discretion in the denial of the motion for mistrial. See *James v. State*, supra. The prosecutor did no more than recap McCarroll's testimony. At no point did the prosecutor state, or even remotely imply, that defendant's act of "following" McCarroll was a similar crime.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2001.

*Robertson & Walker, Charles T. Robertson II*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.