S06A1620. BALLARD v. THE STATE.
(637 SE2d 401)

</div>

SEARS, Chief Justice.

Cora Ballard was convicted in 2005 of malice murder, felony murder, and aggravated assault in connection with the stabbing death of Michael Henderson.[1] Ballard appeals, arguing that her trial counsel rendered ineffective assistance by failing to pursue a battered woman syndrome defense, and that the evidence was insuffi-

---

[11] *Henry*, 279 Ga. at 617.

[12] *Moss v. State*, 278 Ga. App. 362, 365 (629 SE2d 5) (2006).

[1] The crimes were committed on April 20, 2004. On February 3, 2005, Ballard was indicted by a Cobb County grand jury for malice murder, felony murder, aggravated assault, and second degree cruelty to children. On July 13, 2005, a Cobb County jury convicted Ballard of all counts except second degree cruelty to children. The felony murder and aggravated assault convictions were vacated as a matter of law, and Ballard received a life sentence for malice murder. Ballard moved for a new trial on July 14, 2005, and amended that motion on February 24, 2006. A hearing on the motion was held on March 8, 2006, and the trial court denied the motion on March 9, 2006. Ballard filed a timely notice of appeal. The case was docketed in this Court on May 26, 2006, and submitted for decision on the briefs.

cient to sustain her convictions. Finding no merit to these contentions, we affirm.

1. The evidence presented at trial showed that in the spring of 2004, Ballard and her boyfriend Henderson were staying at the home of Donna Bagley. The couple frequently argued, abused alcohol, and engaged in physical altercations. On April 20, 2004, Henderson and Ballard were vehemently arguing in Bagley's living room. Michelle Bagley, Donna's 12-year-old daughter, witnessed Ballard go into the kitchen and retrieve a knife from the shelf. Ballard hid the knife under her shirt and returned to the living room, where she resumed her argument with Henderson and struck him with her fist. Henderson, who was sitting in a chair, kicked Ballard in the eye. In full view of Donna and Michelle Bagley, Ballard then pulled out the knife and stabbed Henderson in the abdomen. Donna Bagley called the police, who retrieved the knife from the garbage can where Ballard had discarded it. Henderson died from his wounds in the hospital.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Ballard guilty of the crimes for which she was convicted.[2]

2. Ballard claims that she received ineffective assistance of counsel. In order to prevail on this claim, Ballard has the burden to show that her trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[3] Ballard argues that her attorney rendered ineffective assistance by not pursuing a battered woman syndrome defense and by failing to request a jury instruction on the lesser offense of voluntary manslaughter.

At the motion for a new trial hearing, Ballard's counsel testified that he chose not to pursue a battered woman syndrome defense because the independent psychologist hired by the defense to examine Ballard concluded that she did not suffer from battered woman syndrome, and that he could not support that defense with his testimony. Trial counsel also testified that he believed that the evidence did not support the defense and that he and Ballard chose instead to focus exclusively on the defense of justification. We find that Ballard has failed to show that trial counsel's decision not to pursue the defense was either unreasonable[4] or prejudicial to her defense.[5]

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[4] *Lewis v. State*, 265 Ga. 451, 452 (457 SE2d 173) (1995).

[5] *Thigpen v. State*, 248 Ga. App. 301, 302 (546 SE2d 60) (2001).

Ballard also claims that her attorney was ineffective for failing to request a jury instruction on the lesser offense of voluntary manslaughter. During the charge conference, trial counsel stated that Ballard did not want the trial court to charge the jury on voluntary manslaughter, a decision that Ballard herself confirmed to the trial court. During the new trial hearing, Ballard's appellate counsel did not ask trial counsel about the decision not to seek the manslaughter instruction, and the decision not to do so is therefore presumed to be a strategic one that does not amount to ineffective assistance.[6] Moreover, the evidence showed that Ballard calmly retrieved the knife, concealed it, and deliberately re-initiated her argument with Henderson before plunging the knife into his abdomen. Accordingly, the evidence did not support a voluntary manslaughter charge and the failure to request one was not prejudicial to Ballard's defense.

3. Next, Ballard claims that the trial court erred in denying her motion for a mistrial after the prosecutor told the jury during closing argument that felony murder was a "lesser form of murder." Responding to Ballard's objection, the trial court informed the jury that it would be charging the jury on the law, and it properly charged the jury on the definitions of malice murder and felony murder. Ballard has failed to show how she was harmed by the prosecutor's statement,[7] and the trial court did not abuse its discretion in denying the motion for a mistrial.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Louis M. Turchiarelli*, for appellant.

*Patrick H. Head, District Attorney, Jesse D. Evans, Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[6] *Dyer v. State*, 278 Ga. 656, 660 (604 SE2d 756) (2004) (no ineffective assistance where defendant did not question attorney regarding reasons for a decision that may be presumed to be strategic). Although the specific strategic reason for not requesting the charge is not apparent from the record, it was likely due to the fact that voluntary manslaughter would have been inconsistent with Ballard's primary defense, that she acted in self-defense. See *Worthem v. State*, 270 Ga. 469, 471 (509 SE2d 922) (1999).

[7] *Allen v. State*, 277 Ga. 502, 504 (591 SE2d 784) (2004) (jurors are presumed to follow proper instructions of trial court); *Strickland v. State*, 209 Ga. 675 (2) (75 SE2d 6) (1953).

[8] *Conklin v. State*, 254 Ga. 558, 568 (331 SE2d 532) (1985).