A07A0531. LOPEZ v. THE STATE.
(646 SE2d 271)

MILLER, Judge.

Following a bench trial, Daniel Lopez was convicted of possession of cocaine with intent to distribute, failure to maintain lane, and driving without a license. Lopez appeals his conviction for possession, claiming that the trial court erred by denying his motion to suppress statements he made while in police custody. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that on March 11, 2006, an officer with the Cobb County Police Department stopped Lopez's vehicle after witnessing the car cross the center lane twice. The officer informed Lopez that he was being pulled over for a traffic violation, and Lopez admitted that he did not have a driver's license. The officer arrested Lopez for driving without a license and placed him in the back of his patrol car without advising him of his *Miranda* rights. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Once Lopez was secured, the officer conducted a search of Lopez's vehicle and discovered several baggies of cocaine in the center console and one baggie of marijuana under a passenger seat. One of the passengers in Lopez's vehicle acknowledged that the marijuana belonged to him. When the officer returned to his patrol car, he started to inform Lopez that, in addition to driving without a license,

he was being arrested for possession of cocaine because none of the passengers claimed ownership of the cocaine.

Lopez interrupted the officer and said, "[t]hat cocaine is mine. I don't want my home boys to get in trouble for my cocaine." A few minutes later, and without any additional statement being made by the officer, Lopez continued and said, "I have the [gumption] to sell it [and] I've got the [gumption] to go to jail for it."

Lopez claims that the trial court should have suppressed his statements because the officer's actions resulted in a custodial interrogation prior to delivery of a *Miranda* warning. The Fifth Amendment of the United States Constitution requires the exclusion of any statement made by an accused during custodial interrogation who has not been advised of his *Miranda* rights.

The determination of whether an "interrogation" occurs focuses primarily upon the reasonable perceptions of the suspect and not the intent of the officer, although the officer's intent is relevant. *Rhode Island v. Innis*, 446 U. S. 291, 301, n. 7 (100 SC 1682, 64 LE2d 297) (1980). "This focus reflects the fact that the *Miranda* safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police." (Punctuation omitted.) *Hibbert v. State*, 195 Ga. App. 235, 236 (393 SE2d 96) (1990), quoting *Rhode Island*, supra at 301.

Here, Lopez claims that when the officer told him that he was being charged with possession because none of the passengers in his vehicle had claimed the cocaine, he believed that the officer was threatening to arrest those passengers for possession if he did not confess. We find, however, that Lopez's statements were spontaneous and voluntary. The officer did not threaten to arrest anyone other than Lopez for possession of cocaine. Instead, he merely informed Lopez that he was being arrested for possession because the cocaine was found in his vehicle and none of the passengers claimed ownership. See *Johns v. State*, 274 Ga. 23, 24 (2) (549 SE2d 68) (2001) (finding no interrogation where defendant was merely informed of why he was being arrested).

"[T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." (Footnote and emphasis omitted.) *Rhode Island*, supra, 446 U. S. at 302 (II) (A). A reasonable person in Lopez's position would not have believed that the officer's statement was subjecting him to "interrogation" or requiring an incriminating response. As a result, the trial court properly denied Lopez's motion to suppress.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED APRIL 13, 2007 —
RECONSIDERATION DENIED MAY 11, 2007.

*Scott P. Semrau*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.