A10A2322. DIX v. THE STATE.
(705 SE2d 903)

PHIPPS, Presiding Judge.

A jury found Mantarbi Kenyatta Dix guilty of cocaine possession, marijuana possession (less than one ounce), obstruction of a law enforcement officer, and driving on a suspended license. He appeals his convictions therefor, contending that the evidence was insufficient to support his drug convictions and that the trial court erred by denying his motion to declare a mistrial based upon remarks made by the prosecutor. Because Dix has shown no reversible error, we affirm.

1. When an appellant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

So viewed, the evidence showed that on the night of January 4, 2009, three sheriff's deputies were working a traffic safety checkpoint along a road in a wooded, rural area where residences were spread apart. At about 12:30 a.m. on January 5, they observed a vehicle traveling toward the checkpoint abruptly stop, then make a sharp turn, without signaling, into a residential driveway — which was the last driveway before reaching the checkpoint. The three deputies went to investigate a possible attempt to avoid the checkpoint and spotted the vehicle driving slowly back out of the driveway. The vehicle's headlights were off, even though they had been on when the vehicle turned away from the checkpoint. There were two occupants in the vehicle, Dix and his son, who was approximately nine to eleven years of age. After Dix leaned over and said something to his son, both quickly scrambled out of the passenger's side of the vehicle.

When one of the deputies asked Dix what they were doing, Dix responded that he lived at the residence; however, two of the deputies knew the family that lived at the residence and did not

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (emphasis in original).

believe that Dix also lived there. Upon a deputy's request for his driver's license, Dix said that he did not have one. Meanwhile, the deputies noticed a smoke haze inside the vehicle and a strong odor of burnt marijuana coming out of it. As a deputy began handcuffing him, Dix wriggled away and fled on foot toward the woods behind the residence, leaving behind his child who was hysterically screaming for him.

There was no pathway leading into or through the dense wooded area. Dix breached what one of the deputies called a "solid wall of woods." That deputy further described, "[Dix] ran straight into the woods, which is very thick vegetation. Basically, just made his own trail through there, . . . just breaking branches and vines as he was going through." As he was "fighting" through the brush, which "kept getting thicker the further [they] went," Dix fell twice — the first time about 40 to 45 feet inside the wood line, and the second time about 100 to 125 yards beyond the first fall. He was then apprehended by the two chasing deputies, handcuffed, and placed in the back seat of a patrol car.

While one of the deputies stayed in the area with Dix and his child, the other two deputies traced Dix's attempted escape route in search of contraband. When Dix had been fleeing into the woods, one of the deputies had observed him fumbling with his pockets "like he was trying to get his hands in his pockets to pull something out." Using flashlights, the deputies discovered about twenty feet along that route a small plastic bag of marijuana lying about two to three feet off the trail. The bag had no leaves, sticks, or anything on top of it; the bag was dry, even though it had rained either earlier that day or the day before, and the surrounding ground was damp. Further along the attempted escape route, near where Dix had fallen the second time, the deputies found a small plastic bag of cocaine. There were no leaves, sticks, or anything on top of it. According to the deputy who retrieved it off the ground, that bag was wet — not from "rain or dew"; rather, the wet coating was "sticky" and seemed like saliva.

Evidence of three similar transactions was also presented. First, the state showed that at about 1:30 one morning in March 2008, Dix was a passenger in a vehicle at a traffic safety checkpoint. An officer detected an overwhelming odor of marijuana being emitted from inside the vehicle. A small bag of marijuana was found in Dix's pocket, and Dix told the officer that he had just smoked marijuana. Dix was convicted of marijuana possession.

The second incident occurred in 2003. Dix was a passenger in a vehicle that fled after an officer's command to stop. When the vehicle thereafter suddenly stopped, Dix fled into a small woodshed upon residential property. When pursuing officers made contact with him,

Dix put up a fight until he was subdued with pepper spray. Dix had in his mouth a small baggie of cocaine, which he was chewing and trying to swallow. Additional baggies of cocaine and marijuana were found in his pocket. On negotiated guilty pleas, Dix was convicted of possession of cocaine with the intent to distribute and misdemeanor obstruction of a law enforcement officer; a third charge of possession of marijuana with the intent to distribute was nolle prossed.

The third incident occurred in 1999. When an officer approached Dix to arrest him on outstanding warrants, he fled on foot. The officer pursued and apprehended Dix. During the resulting jail booking, a bag of cocaine fell from his waistband. He was convicted of cocaine possession.

In contending that the evidence was insufficient, Dix points to what he claims were weaknesses, conflicts and inconsistencies in the state's case. He points out that no one saw him toss anything in the woods that night; no one saw any baggie of drugs in his mouth and that the cocaine bag may have been wet due to the recent rain; no drugs were found on his person; and no drugs were found in his vehicle.

> But any evidentiary weaknesses, conflicts, or inconsistencies were for the jury to resolve. We do not speculate which evidence the jury chose to believe or disbelieve. Where as here, there was [sufficient] evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.[2]

There is no merit in Dix's sufficiency challenge to his drug convictions.[3]

2. Dix contends that the trial court erred by denying his motion to declare a mistrial based on remarks made by the prosecutor during closing argument. In particular, the prosecutor twice referred to Dix's possession of marijuana as a misdemeanor, rather than the charged offense of "possession of marijuana less than an ounce." The first instance occurred when the prosecutor was presenting the state's theory that Dix's attempt to flee on foot was *not* because of any traffic offense or even possession of marijuana (given the smoke haze, coupled with the apparently readily detectible odor), but because he had a bag of cocaine concealed on his person. After reminding the jurors that, when Dix fled the scene, his obviously

---

[2] *Sirmans v. State*, 301 Ga. App. 756-757 (1) (688 SE2d 669) (2009) (footnote omitted); see generally *Treadwell v. State*, 285 Ga. 736, 743 (4) (684 SE2d 244) (2009) (regarding use of circumstantial evidence as support for conviction).

[3] See *Jackson v. Virginia*, supra.

upset child was screaming for him, the prosecutor said: "Does that make the defendant stop? Oh, [the child is] so upset. No. He keeps running into the woods. Suspended license? No. Little misdemeanor marijuana?" And that last remark drew an objection.

After a bench conference, the court instructed the jurors that it is improper for either side to argue about punishment and that they were to disregard argument concerning "whether it's a misdemeanor or felony or anything like that. Okay? That's highly improper. I'll instruct her not to do that any more."

The prosecutor resumed the state's argument, and shortly thereafter, in concluding the argument, the prosecutor stated: "Render a verdict that speaks the truth in this case. Not that he's just guilty of suspended license. Not that he's just guilty of obstruction. Not that he's just guilty of possession misdemeanor." Thereupon, defense counsel objected and moved for a mistrial, which was denied. However, the court instructed the jurors, "Again, ladies and gentlemen, that is highly improper to say anything about what the punishment would be and what kind of case it is in relationship to a misdemeanor or felony."

While Dix asserts that the trial court's response to the objection after the first occurrence was adequate, he argues that he was entitled to a mistrial, given the prosecutor's repeat of the improper remark after being admonished not to do so.

> When prejudicial matter is improperly presented to the jury, a mistrial is appropriate if it is essential to preserve the defendant's right to a fair trial. It is for the trial court to determine whether the granting of a mistrial is the only corrective measure or whether any prejudice can be corrected by withdrawing the [matter] from the jury's consideration under proper instruction from the court.[4]

Here, the trial court gave the jurors prompt and correct curative instructions that the prosecutor's remarks were improper and should play no role in their consideration of the case.[5] And the record in this case allows us to "presume that the jury followed the trial court's instructions and disregarded the [prosecutor's] statement[s]."[6] Given these circumstances, we conclude that the trial

[4] *Banks v. State*, 281 Ga. 678, 682 (3) (642 SE2d 679) (2007) (citation omitted).

[5] See *Ballard v. State*, 281 Ga. 232, 234 (3) (637 SE2d 401) (2006); *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001).

[6] *Johns*, supra.

court did not abuse its discretion in denying Dix's motion to declare a mistrial.[7]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 1, 2011.

*Julianne H. Lynn*, for appellant.

*Peter J. Skandalakis, District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.

---

[7] See *Banks*, supra; *Ballard*, supra; *Johns*, supra; *Steele v. State*, 181 Ga. App. 695, 696 (1) (353 SE2d 612) (1987).