A11A0953. HENRY v. THE STATE.
(716 SE2d 232)

PHIPPS, Presiding Judge.

A jury found Norris Henry guilty of possession of marijuana. He challenges the sufficiency of the evidence to support his conviction for this offense. Because we find the evidence met the standard set

---

forth in *Jackson v. Virginia*,[1] we affirm.

Viewed in the light most favorable to the verdict,[2] the evidence showed that on December 6, 2007, a police officer stopped a vehicle being driven by Henry and owned by Karen Smith, who was a passenger. Henry and Smith were dating, and Smith often allowed Henry to use her vehicle. Earlier on the day of the stop, Henry had used Smith's vehicle while she was at work.

During the stop, the officer asked Smith for proof of insurance. Smith opened the vehicle's glove compartment, took from it some papers, and gave them to the officer. The papers smelled to the officer like marijuana. A second officer then searched the vehicle. That officer noticed a strong odor of marijuana coming from the vehicle, which the officer believed would have been noticeable to the vehicle's occupants. A green, leafy material later determined to be marijuana was found in the glove compartment. The state jointly charged Henry and Smith (the sole passenger in the vehicle) with possession of the marijuana, and the two were tried together on that charge.

Possession of contraband may be actual or constructive.[3]

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share[ ] actual or constructive possession of a thing, possession is joint.[4]

Henry argues that the evidence was insufficient because there was no evidence to show he possessed the marijuana, other than that he was the driver of the vehicle at the time the marijuana was found. In cases involving contraband found in vehicles, the state is generally entitled to an evidentiary presumption that the driver or owner of the vehicle is in constructive possession of the contraband.[5] And, as we held in *Smith v. State*[6] (an appeal brought by Henry's co-

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] See id. at 319 (III) (B).

[3] *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002).

[4] Id. (citation omitted).

[5] *Cabrera v. State*, 303 Ga. App. 646, 651 (1) (694 SE2d 720) (2010); *Ramirez v. State*, 290 Ga. App. 3, 4 (1) (658 SE2d 790) (2008).

[6] 308 Ga. App. XXII (Case No. A11A0156, decided Feb. 17, 2011) (unpublished opinion).

defendant from her conviction in connection with the incident at issue here), the evidence of the odor of marijuana in the vehicle also supported a finding that Henry and Smith jointly possessed the marijuana.[7] Henry points to what he claims are disputes in the evidence related to the strength of the marijuana odor in the vehicle, but any such disputes were for the jury to resolve.[8] Because the evidence that Henry was the driver of the vehicle was not the sole evidence of his possession of the marijuana found therein, and because no evidence was presented that anyone other than Henry and Smith (the charged defendants) had equal access to the marijuana, the "equal access" rule cited by Henry does not apply in this case.[9] Thus, cases cited by Henry that turned on the application of the "equal access" rule are inapposite.[10]

Because any rational trier of fact could have found beyond a reasonable doubt that Henry and Smith were in joint possession of the marijuana,[11] the evidence was sufficient to support Henry's conviction.[12]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 3, 2011.

*Brown & Gill, William L. Gill*, for appellant.
*Daniel J. Porter, District Attorney, Vikki L. Morek, Assistant District Attorney*, for appellee.

---

[7] Id.; see *Cochran v. State*, 300 Ga. App. 92, 95-96 (1) (a) (684 SE2d 136) (2009); *Vines v. State*, 296 Ga. App. 543, 546-547 (1) (675 SE2d 260) (2009).

[8] See *Dix v. State*, 307 Ga. App. 684, 686 (1) (705 SE2d 903) (2011).

[9] See *State v. Johnson*, 280 Ga. 511, 514 (630 SE2d 377) (2006) ("equal access" rule applies only where the sole evidence of possession of contraband found in the vehicle was the defendant's ownership or possession of the vehicle); *Cabrera*, supra at 651-652 (1) (defendant was not entitled to benefit of "equal access" rule where state jointly charged both him and the only other occupant of a vehicle with possession of contraband found therein).

[10] See, e.g., *Whipple v. State*, 207 Ga. App. 131-132 (1) (427 SE2d 101) (1993).

[11] See *Cochran*, supra.

[12] See *Jackson v. Virginia*, supra.