ALTENBERND, Judge,
Concurring.
I agree that our outcome today is required by the precedent that is well explained in the court’s opinion. Courts and legislatures around the country take different positions on this issue. See Emile F. Short, Annotation, Conviction of possession of illicit drugs found in automobile of which defendant was not sole occupant, 57 A.L.R.3d 1319 (1974). If I were writing on a clean slate, I would be inclined to believe that a jury should be authorized to return a guilty verdict on a drug charge where the defendant is an operator of a motor vehicle and has actual knowledge that the vehicle contains illegal drugs that easily could be removed from the vehicle.
In this case, Ms. Williams was driving her small rental car fully aware that a bag containing a large quantity of marijuana was behind her in the hatchback area. This marijuana was either her marijuana, her passengers’ marijuana, or marijuana jointly possessed by the driver and one or more of the passengers. Assuming the marijuana was not hers, she was in control of the car. She had the complete right before she entered the interstate to stop her car and order the criminal to exit the vehicle with the contraband. If she elected to continue to transport the contraband in this context, it seems to me that at a minimum she became a principal in the offense of possession and the jury was entitled to return this verdict. See Henry v. State, 311 Ga.App. 353, 716 S.E.2d 232 (2011) (driver has joint possession of marijuana located in glove compartment).