**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 17, 2019**

# In the Court of Appeals of Georgia

A19A0089. SMITH v. THE STATE.
A19A0092. THE STATE v. RENO.

McMILLIAN, Judge.

Co-defendants Justin Alan Smith and Jason Dale Reno were each convicted by a jury of trafficking methamphetamine following a traffic stop of a car owned by Smith but driven by Reno.[1] In Case No. A19A0089, Smith appeals the denial of his motion for new trial, asserting that the evidence was insufficient to support his conviction and the trial court erred in denying his motion for directed verdict. In Case No. A19A0092, the State appeals the trial court's ruling reversing the jury's verdict on the trafficking charge on the ground that the evidence against him was insufficient

---

[1] Reno was also convicted of three other misdemeanor counts: driving with a suspended license, possession of less than one ounce of marijuana, and failure to maintain lane, but Reno did not contest those convictions in his motion for new trial or on appeal.

as a matter of law to support his conviction. Because we find that the evidence was sufficient to support the convictions of each of the defendants on the trafficking charge, we affirm in Case No. A18A0089 and reverse in Case No. A19A0092.

The evidence at trial, viewed in the light most favorable to the verdict,[2] showed that on June 20, 2015, a deputy with the Franklin County Sheriff's Office conducted a traffic stop of a vehicle driven by Reno on Interstate 85 ("I-85"). Reno told the deputy that he did not have a driver's license, and a record search reflected that Reno's license had been suspended. Smith told the deputy that the car belonged to him, and a check of the vehicle tag reflected that the car belonged to his mother.[3] During the traffic stop, the deputy detected the odor of marijuana and observed that Reno appeared unusually nervous. Reno admitted that he had marijuana in his pocket, and he handed it to the deputy. When the deputy asked if there was anything illegal in the vehicle, Reno said that he had a "blunt" in a compartment in the passenger-side door.

---

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[3] Smith testified at trial that the car was in his name with his mother listed as a secondary owner.

2

During a search of the vehicle, the deputy discovered the marijuana "blunt" in the passenger door and a shoe box in the trunk of the car containing a pistol, ammunition, and a bag with a substance that later field tested positive for methamphetamine. Smith said that the box and the gun belonged to him but denied that the bag was his. Subsequent analysis determined that the bag contained 55.68 grams of methamphetamine.

Smith testified at trial and denied that he had put the methamphetamine in the car or that he sold methamphetamine. He stated that the drugs belonged to a former roommate, who had two prior methamphetamine-related convictions. Smith said that the day before the traffic stop, he had allowed the roommate to use his car for a short period, but the roommate had returned the car much later than agreed upon. When the roommate finally did return with the car, Smith immediately drove away without allowing the roommate the opportunity to remove anything from the vehicle.

After Smith and Reno were convicted, each filed motions for new trial. Smith's motion was denied, while Reno's motion was granted. These appeals followed.

Smith argues on appeal that the trial court erred in denying his motions for directed verdict and for new trial because the State's evidence was insufficient to support his conviction for trafficking in methamphetamine.

Our Supreme Court has held that:

> [t]he standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. When reviewing the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

(Citations and punctuation omitted). *Smith v. State*, 304 Ga. 752, 754 (822 SE2d 220) (2018). On appeal, Smith no longer enjoys the presumption of innocence, and we must affirm the verdict if there is any evidence to support it. *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

The crime of trafficking in methamphetamine is defined under OCGA § 16-13-31 (e), as follows:

Except as authorized by this article, any person who sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine[.]

Therefore, to establish the crime of trafficking in methamphetamine, the State was required to show only that Reno possessed 28 or more grams of methamphetamine. See *Thomas v. State*, 342 Ga. App. 310, 312 (1) (803 SE2d 131) (2017). We find that evidence that police found over 55 grams of methamphetamine in a box that Smith admitted was his and inside a car that Smith told the officer belonged to him was sufficient to present a question for the jury as to his guilt and also to support his trafficking conviction beyond a reasonable doubt. Although Smith denied owning the methamphetamine and offered another explanation for its presence, the jury was not required to accept his version of events as true, "but could assess his credibility and weigh his testimony against other evidence." (Citation omitted.) *Sewell v. State*, 283 Ga. 558, 559 (1) (662 SE2d 537) (2008). See also *Thomas*, 342 Ga. App. at 312 (1). (jury not required to believe defendant's testimony that methamphetamine in dresser in her bedroom was not hers, especially where she admitted that other drugs and drug

5

paraphernalia found in room belonged to her). Accordingly, we affirm Smith's conviction.

*Case No. A19A0092*

In this appeal, the State asserts that the trial court erred in granting Reno's motion for new trial on the charge of trafficking in methamphetamine. Reno moved for a new trial on the grounds that the verdict was contrary to law, the evidence did not support his trafficking conviction, and the trial court erred in denying his motion for directed verdict on that charge at trial.

The trial court's written order on the motion for new trial provides:

Defendant's Motion for New Trial having come on for a hearing on November 19, 2016, and Argument for the Defendant and the State having been heard, the Court finds as follows:

The evidence adduced at trial concerning Count I, Trafficking in Methamphetamine, was insufficient to support the jury's verdict of Guilty as to that count.

Therefore Defendant's Motion for New Trial is GRANTED as to Count I only.

Because the Court grants Defendant's Motion based on insufficient evidence, the jury's verdict is reversed and Defendant may not be retried.

The jury's verdict of Guilty on Counts II, III, and IV shall stand, as shall the sentences previously imposed by the Court.

It is further ordered that Defendant Jason Dale Reno be released from custody immediately.

Reno asserts that the trial court granted the motion for new trial on the general grounds under OCGA §§ 5-5-20 and 5-5-21, but the plain language of the order belies that assertion. OCGA § 5-5-20 permits the trial judge to grant a new trial before another jury "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity[.]" The order unequivocally states that the grant of the motion for new trial is based on insufficient evidence, that the jury verdict on the trafficking charge is reversed, and that Reno would *not* be retried. We, thus, must apply the standard set out in *Jackson v. Virginia*, that is, whether there is any evidence produced at trial from which a rational trier of fact could have found Reno guilty beyond a reasonable doubt. See also *Smith v. State*, 298 Ga. 491, 492 (1) (783 SE2d 91) (2016). "And our review of this issue is de novo as the issue of

"[whether] there is sufficient evidence to support the verdict is a matter of law, not discretion." (Citation and punctuation omitted.) *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2011).

Where, as here, there is no evidence that the defendant was in actual possession of contraband, the State must present evidence showing the defendant's constructive possession. "[A] person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object. (Citaiton and punctuation omitted.) *Thompson v. State*, 348 Ga. App. 609, 614 (2) (824 SE2d 62) (2019). "Indeed, under Georgia law, a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citation and punctuation omitted.) Id. And if "the State's constructive-possession case is based entirely on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) Id. However,

> whether the evidence shows something more than mere presence or proximity, and whether it excludes every other reasonable hypothesis, are questions committed principally to the trier of fact, and we should

8

not disturb the decisions of the trier of fact about these things unless they cannot be supported as a matter of law.

(Citation and punctuation omitted.) Id.

Reno was also charged as a party to the crime. It is well settled that

[m]ere presence at the scene of the crime and mere approval of a criminal act are insufficient to establish that a defendant was a party to the crime, and proof that the defendant shares a common criminal intent with the actual perpetrators is necessary. But such shared criminal intent may be inferred from the defendant's conduct before, during, and after the crime.

(Citations and punctuation omitted.) *Thomas v. State*, 296 Ga. 485, 488 (1) (769 SE2d 82) (2015).

Viewed in the light most favorable to the verdict, the evidence at trial showed that Reno was driving the car at the time of the stop and thus he necessarily was in possession of the vehicle's keys, affording him access to the trunk where the methamphetamine was located. He also admitted to possessing marijuana, which was on his person and in the passenger door on the other side of the car. Smith testified that Reno and he had known each other for three to four months when they travelled together down I-85 from North Carolina to Atlanta for a meeting with a friend's

9

uncle. The two remained together the entire trip and returned four to five hours after arriving. They were on their way back to North Carolina from that meeting when the traffic stop occurred. The deputy observed that Reno was nervous beyond what he would normally expect to see on a traffic stop. The State also presented evidence showing that I-85 between Atlanta and North Carolina is a "known drug corridor," with money flowing into Atlanta from North Carolina to buy drugs and drugs flowing back to North Carolina, and that drug buyers often drove to Atlanta, stayed a few hours, and then drove back in the same day, as the defendants did in this case.

We find that this and other evidence at trial was sufficient to support Reno's conviction on the trafficking charge beyond a reasonable doubt, and accordingly, we reverse the trial court's order finding that the evidence at trial was insufficient to support Reno's conviction on that charge. See *Henry v. State*, 311 Ga. App. 353, 355 (716 SE2d 232) (2011) (evidence supported driver's conviction for marijuana possession where, based on circumstantial evidence, jury could find beyond a reasonable doubt that the driver jointly possessed the contraband with his co-defendant, who was the owner of, and sole passenger in, the car).

*Judgment affirmed in Case No. A19A0089. Judgment reversed in Case No. A19A0092. McFadden, P. J., and Goss, J., concur.*